UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHEAL NIEVES,

Plaintiff,

-against-

ANDREW F. PLASSE & ASSOCIATES, LLC,

Defendant.

20-CV-9596 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, currently incarcerated at Bellevue Hospital Prison Ward, brings this *pro se* action under 42 U.S.C. § 1983 against Andrew F. Plasse & Associates, LLC, a law firm that represented him in a suit for damages that he brought in state court. He alleges that in 2019, false statements were made in the firm's application to withdraw from representing Plaintiff in that state court litigation. By order dated November 19, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1]

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations are from Plaintiff's complaint. Defendant Andrew F. Plasse & Associates, LLC, is a private corporation with its principal place of business in Flushing (ECF 2 at ¶2), in Queens County, New York. Plaintiff engaged Defendant to represent him in a suit for damages in the Supreme Court of the State of New York, New York County, which was filed on August 8, 2016, and opened under Index No. 25346/2016. (*Id.* at ¶ 5.) Defendant eventually

brought a motion to be relieved as counsel, and on May 3, 2019, the Honorable Mitchell J. Danziger granted the motion. (*Id.* at ¶ 4.)

Defendant made false statements in the application to be relieved as counsel. For example, Defendant informed the court in the application that before Plaintiff's arrest on April 5, 2019, Plaintiff had discharged Defendant as his attorney (*id.* at ¶10). In fact, "although a minor telephone dispute occurred indicating an attorney discharge threat for attorney misconduct, Plaintiff['s] inmate phone records reflect that Defendant was urged to remain [Plaintiff's] attorney." (*Id.*)

After Defendant withdrew, the firm mailed Plaintiff the case file with a cover letter dated May 2019, but Plaintiff did not receive the file at the Anna M. Kross Center on Rikers Island until mid-June 2019. Plaintiff contends that this delay impaired his ability to retain new counsel within 60 days, as Judge Danzinger had directed him to do. (*Id.* at ¶ 21.)

Defendant committed perjury in legal documents "in order to intentionally conspire with the New York City Police Department, the New York City Fire Department, the New York State District Attorney's Office, the New York State Supreme Court, and the New York State Legal Aid Society in gross violation of New York State laws and . . . the First, Fourth, Eighth, and Fourteenth Amendments of the United States Constitution." (*Id.* at ¶ 20). Plaintiff seeks damages.

**DISCUSSION**

A claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir.

2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under § 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that legal aid organization ordinarily is not a state actor for purposes of § 1983).

As Plaintiff notes, Defendant Andrew F. Plasse & Associates, LLC, is a private corporation (ECF 2 at ¶2), and not a government entity. Plaintiff's unsupported assertion that Defendant was "conspiring" with government entities (*id.* at ¶ 20) is insufficient to show state action. Because Defendant Andrew F. Plasse & Associates, LLC, is a private party not acting under color of state law, Plaintiff has not stated a claim against Defendant under § 1983.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with better pleading, the Court declines to grant Plaintiff leave to amend his complaint.

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and

only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over Plaintiff's state-law claims. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's claims under 42 U.S.C. § 1983 are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines, under 28 U.S.C. § 1367(c), to exercise supplemental jurisdiction over Plaintiff's state law claims.

SO ORDERED.

Dated: November 20, 2020
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.